---

TORRES ET AL., DEMANDANTES Y APELANTES, *v.* VEGA ET AL., DEMANDADOS-APELADOS, Y TABOAS ET AL., INTERVENTORES.

## APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre desahucio en precario.

No. 3141.—Resuelto en febrero 18, 1924.

DESAHUCIO—CONFLICTO DE TÍTULOS.—Habiéndose presentado prueba en el juicio de desahucio del presente caso, tendente a demostrar que desde hace 18 años el demandado tiene la posesión de la finca como arrendatario de Camilo Taboas y posteriormente de Joaquín R. Caballero y que por escritura pública de 1907 los causantes de los demandantes apoderaron a un hijo de ambos para que otorgara escritura pública a favor de Camilo Taboas de la dación en pago por un crédito hipotecario que dichos consortes hacía más de dos años le hicieron privadamente, dándole y tomando posesión de la finca que fué objeto de la hipoteca, que es la misma que motiva este pleito, es necesario concluir que existe un conflicto de títulos entre los demandantes y el arrendador del demandado, que no puede ser resuelto en una sumaria acción de desahucio.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Mercader.*

Abogado de los apelados: *Sr. A. Lens Cuena.*

Abogado de los interventores: *Sr. E. Rincón.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se apela de una sentencia dictada en juicio de desahucio por precario que declaró sin lugar la demanda por el fundamento de existir conflicto de títulos entre las partes.

Se trata de una finca de 68 cuerdas de terreno radicada en el barrio Mameyes Arriba, sitio conocido por La Zarza, del término municipal de Utuado, que en vida de José Marrero García perteneció a él y a su esposa María Miranda Morales.

Los demandantes son varios y alegan en su demanda de desahucio que son dueños de esa finca, uno de ellos por haber adquirido de María Miranda Morales y de algunos herederos de José Marrero los derechos que en ella tenían; los otros como herederos de José Marrero García; y todos, por haber adquirido en una venta judicial todo el título, derecho e interés que en la finca tuviera Joaquín Ramón Caballero; y alegando además que Joaquín Vega está detentándola sin título alguno, precariamente, sin pagar canon o merced por ella, solicitaron que se decretara su lanzamiento de la finca.

El demandado Joaquín Vega contestó negando todos los hechos de la demanda y adujo como defensa que hace 17 años que posee la finca como arrentario de Joaquín Ramón Caballero.

Intervinieron en el juicio de desahucio Joaquín Ramón Caballero y Camilo Taboas alegando el primero ser dueño de la finca, siendo su arrendatario el demandado Vega, y ambos, en alegaciones parecidas, expusieron que José Marrero, causante de los demandantes, debía 3,500 pesos provinciales a Camilo Taboas garantizados con hipoteca y que no pudiendo satisfacerlos le dió en pago de ellos en 1904 la mencionada finca, poseyéndola desde entonces Taboas, arrendándola y cediéndola más tarde a Joaquín Ramón Caballero, a quien pasó el crédito hipotecario, único título que podía transferirle como garantía del derecho de cesión en venta, ya que José Marrero no pudo otorgarle la escritura de dación en pago ni tampoco su apoderado nombrado especialmente para tal fin, agregando Taboas que tiene presentado pleito con-

tra los demandantes para que le otorguen la escritura de
dación en pago con el objeto de poder transferirla a Caballero, y éste, que también tiene establecido pleito contra los
demandantes a fin de que sea declarada la nulidad de la venta
judicial que de su interés en la finca se hizo en otro pleito
a favor de los demandantes.

De esas alegaciones aparece un conflicto de títulos entre los demandantes y el arrendador del demandado Vega,
que no está desnudo de prueba, pues de la que se practicó
en el juicio resulta, entre otras cosas, que desde hace unos
18 años Vega tiene la posesión de la finca como arrendatario de Taboas y últimamente de Joaquín Ramón Caballero
y que por escritura pública de 25 de marzo de 1907 José
Marrero García y su esposa María Miranda Morales confirieron poder especial a su hijo Domingo Marrero Miranda
para que otorgara escritura pública a favor de Camilo Taboas de la dación en pago por un crédito hipotecario que
dichos consortes hacía más de dos años le hicieron privadamente, dándole y tomando posesión de la finca que fué objeto de la hipoteca, que es la misma que motiva este pleito.
También resulta que han sido presentados los dos pleitos
a que se refieren los interventores.

Esa evidencia es suficiente para convencer de que existe
un conflicto de títulos que debe ser resuelto en un juicio ordinario y no en un procedimiento especial y sumario como
el de desahucio, según hemos resuelto repetidamente.

Sostienen sin embargo los apelantes que puesto que ellos
alegaron y se ha probado que adquirieron por compra en subasta judicial para el pago de $32 de costas en otro pleito
todo el título, derecho e interés que Joaquín Ramón Caballero pudiera tener en dicha finca, el hecho de que él haya
establecido pleito para que se declare la nulidad de dicha
subasta no crea un conflicto de títulos y no es obstáculo
para que se declare con lugar la demanda de desahucio, ci-

tando en su apoyo los casos de *Delgado* v. *Pimentel,* 20 D. P. R. 557, *León* v. *Alvarado,* 24 D. P. R. 700, y *Lafontaine* v. *Lafontaine,* 30 D. P. R. 194.

·Esos casos no son de aplicación al presente porque en ellos el título de propiedad del demandado había pasado al demandante por virtud de la venta judicial que luego se atacó de nula, mientras que en el presente los demandantes adquirieron solamente de una manera genérica e indeterminada el título, derecho e interés que pudiera tener Joaquín Ramón Caballero en la finca, sin que este procedimiento de desahucio sea el adecuado para determinar y dar por sentado que lo que adquirieron los demandantes fué el título de propiedad en la finca, tanto más cuanto que ellos alegan también el título de herencia que presupone que la propiedad no pasó nunca a Joaquín Ramón Caballero y porque el único derecho que Caballero tenía inscrito en el registro de la propiedad cuando se verificó la subasta era el de acreedor hipotecario.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.